IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ERNIE C. COLENDRA, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-04-625 |
| § | |
| HORIZON OFFSHORE CONTRACTORS, § | |
| INC. and HORIZON OFFSHORE, INC. § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises out of alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs, foreign workers on American vessels, claim that they were not paid the full amount of wages to which they were entitled under the FLSA within the time period established by 46 U.S.C. §§ 10313 and 10504 (hereinafter "the penalty wage statutes"). Plaintiffs claim that they were denied federal minimum wage and/or overtime wages due under the FLSA, and they now seek damages under the wage penalty statutes. Defendants Horizon Offshore Contractors, Inc. and Horizon Offshore, Inc. (collectively "Horizon") filed their Motion for Summary Judgment on the applicability of the wage penalty statutes. Plaintiffs filed a timely Response thereto, and Horizon filed a Reply. In that Reply, Horizon raised new issues and Plaintiffs in response filed a Motion for Leave to File a Sur-Reply. For the reasons stated below, Horizon's Motion for Summary Judgment is respectfully **DENIED** and Plaintiffs' Motion for Leave to File a Sur-Reply is **DENIED AS MOOT**.

**I. Background**

Plaintiffs Ernie Colendra ("Colendra"), James Aw Elaw ("Elaw") and Langgat Ak Tinggang ("Tinggang") (collectively, "Plaintiffs") brought this lawsuit against Horizon for damages caused by Horizon's alleged failure to properly pay Plaintiffs and other Filipino and Malaysian workers the wages that they were due in connection with service upon Horizon's vessel, the GULF HORIZON. The GULF HORIZON is a pipe-laying barge.

On March 20, 2004, Horizon entered into an agreement with Perkasa Padu SDN BHD ("PPSB"), to provide laborers to work on its vessels. Horizon Offshore Contractors, Inc. and Horizon Offshore, Inc. are both Delaware corporations with their principal places of business located in the Southern District of Texas. PPSB is a Malaysian corporation. Under the terms of the contract between PPSB and Horizon, the workers provided by PPSB remained PPSB's employees, and PPSB was considered an independent contractor. Horizon claims that the workers were never its employees, but rather they were independent contractors. PPSB also agreed to be liable for any and all wage payments and compensation benefits to its employees.

On April 19, 2004, Plaintiffs were hired by PPSB in the Philippines to provide labor on the GULF HORIZON for pipe-laying work off the coast of Israel. Each Plaintiff entered into an individual labor agreement with PPSB. All of the agreements provided for payment in U.S. Dollars. Colendra, a citizen and resident of the Philippines, earned $80.00 per day as a welder, with overtime after 12 hours at a rate of $9.99 per hour. Elaw, a citizen and resident of Malaysia, earned $23.684 per day as a rigger, with overtime after 12 hours at a rate of $2.96 per hour. Tinggang, a citizen and resident of Malaysia, earned $23.684 per day as a rigger, with overtime after 12 hours at a rate of $2.96 per hour.

On May 8, 2004, the GULF HORIZON began its voyage from Port Arthur, Texas to a work site off the coast of Ashdod, Israel under tow by the GULF ACE II. On May 18, 2004, while 400 miles off the coast of Georgia, a fire broke out on the GULF HORIZON and all crew members, including Plaintiffs, were evacuated to the GULF ACT II. They were then transported to Wilmington, Delaware, and repatriated on May 24, 2004. On May 31, 2004, PPSB mailed an invoice to Defendants for the services of PPSB employees on the GULF HORIZON from April 28, 2004 to May 31, 2004. Defendants received the invoice on June 25, 2004 and issued payment to PPSB around July 7, 2004 in accordance with the invoices they received. At this time, the record is devoid of evidence of what compensation Plaintiffs actually received from PPSB.

Plaintiffs brought this lawsuit on November 3, 2004, asserting causes of action under 46 U.S.C. § 10313, which governs voyages between a port in the United States and a foreign port, and alternatively under 46 U.S.C. § 10504, the wage penalty statute that governs voyages between a port in one state and a port in another non-adjoining state. Plaintiffs claim that Horizon failed to pay them all or the balance of their wages owed when due, and they seek damages of double wages for each day that the payment is or was delayed under the applicable wage penalty statues. Furthermore, 46 U.S.C. § 10313(b) provides that when a loss or wreck of a vessel ends the service of a seaman before the end of the period contemplated in the agreement, the seaman is entitled only to wages for the period of time actually served.

Plaintiffs' cause of action rests on the argument that they are entitled to the federal minimum wage under 29 U.S.C. § 206, and overtime hours worked over 40 hours per week under 29 U.S.C. § 207, and that the balance of their wages that were not paid in accordance with the wage penalty statutes is the difference between their wages under the employment contracts and federal minimum

wage and/or the difference between their overtime under the employment contracts and the overtime amounts owed under the FLSA. Some Plaintiffs allege that they were denied minimum wage and overtime under the FLSA, while others only allege that they were denied overtime.

Horizon moves for summary judgment on several grounds, all of which concern the applicability of the wage penalty statute. First, that the GULF HORIZON does not meet the port-to-port requirement for application of the wage penalty statutes. Second, that even if the GULF HORIZON meets the port-to-port requirement, Plaintiffs cannot meet the two-prong test for application of the wage penalty statues set out in *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570, 102 S. Ct. 3245, 3249, 73L. Ed. 2d 973 (1982). Third, that the contracts between Plaintiffs and PPSB are binding and controlling, and thus preclude application of the wage penalty statutes. In its Motion for Summary Judgment, Defendants did not address the applicability of the FLSA to Plaintiffs.

**II. Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1956). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most

favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied* 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).

If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. 2512. Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See id.* at 255, 106 S. Ct. at 2513.

**III. Analysis of Horizon's Motion for Summary Judgment**

Plaintiffs have made two claims against Defendants. Plaintiffs' first cause of action is brought under 46 U.S.C. § 10313, for failure to pay all or the balance of wages when due on a foreign or intercoastal voyage. Plaintiffs' second cause of action is brought under 46 U.S.C. § 10504, for failure to pay all or the balance of wages when due on a coastwise voyage. Both provisions apply to American vessels only. *See* 46 U.S.C. §§ 10301, 10501. A foreign or intercoastal voyage is defined as "a voyage [of an American vessel] between a port in the United States and a port in a foreign country." 46 U.S.C. § 10301. A coastwise voyage is defined as "a voyage between a port in one state and a port in another state." 46 U.S.C. § 10501. Both statutes were originally codified as one under their predecessor, 46 U.S.C. § 596, now repealed.

The purpose of the wage penalty provisions is to protect seamen from unscrupulous actions by employers such as an arbitrary refusal to pay, and to induce prompt payment. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 572, 102 S. Ct. 3245, 3250, 73 L. Ed. 2d 973 (1982) (citing

*Collie v. Ferguson*, 281 U.S. 52, 50 S. Ct. 189, 74 L. Ed. 696 (1930)); *Castillo v. Spiliada Maritime Corp.*, 937 F.2d 240, 243 (5th Cir. 1991); *Fanos v. Maersk Line, Ltd.*, 246 F. Supp. 2d 676, 680 (S.D. Tex. 2003). Under 46 U.S.C. § 10313(f), the master or owner of a vessel must pay each seaman the balance of wages due within 24 hours after the cargo has been discharged or within four days after the seaman is discharged, whichever is earlier. Under 46 U.S.C. § 10504(b), the master must pay each seaman within two days after the termination of the shipping agreement or when the seaman is discharged, whichever is earlier. If the master or owner fails to pay "without sufficient cause," he is required to pay the seaman 2 days' wages for each day that payment is delayed. 46 U.S.C. §§ 10313(g), 10504(c).

  A. *The Port-to-Port Requirement*

Horizon argues in its Motion for Summary Judgment that the GULF HORIZON does not meet the port-to-port requirement of either 46 U.S.C. § 10313 or 46 U.S.C. § 10504, relying on *George v. Kramo Ltd.*, 796 F. Supp. 1541, 1542–44 (E.D. La. 1992) and *Lambeth v. Edison Chouest Offshore, Inc.*, 1999 WL 1037828 (E.D. La. Nov. 15, 1999). *See also Griffin*, 458 U.S. at 571–72, 102 S. Ct. at 3250–51 (literally interpreting the wage penalty statutes). It is clear from the wording of both 46 U.S.C. § 10301(a)(1) and 46 U.S.C. § 10501(a) that the wage penalty provisions both apply only to port-to-port voyages. Horizon argues that the GULF HORIZON was not intended to reach a port in a foreign country because it was bound for a work site off the coast of Israel. Plaintiff responds that the GULF HORIZON would have needed to clear customs in Ashdod, Israel before commencing its offshore pipelaying mission. The deposition testimony of Horizon's representative disputes Horizon's claim, and shows that Horizon contemplated that it would need to clear Israeli customs on land in Ashdod to enter Israeli waters to work. That testimony also shows that Horizon

was going to maintain a local base of operations that would assist the vessel with customs compliance and pipeline landfall.

Plaintiffs have met their burden of raising a genuine issue of material fact with respect to the destination of the GULF HORIZON, and whether it was actually bound for a foreign port. As such, summary judgment must be denied on this ground.

   B.  The Griffin Test

In *Griffin v. Oceanic Contractors, Inc.*, the Supreme Court articulated a two-part test to determine whether a seaman is entitled to wages under the wage penalty statutes. The first part asks whether the master or owner of the vessel refused to pay wages within the specified period. *Id.* at 570, 102 S. Ct. at 3249. The second part asks whether the failure to pay wages was without sufficient cause. *Id.*

As to the first part, Horizon claims that a seaman's entitlement to wages is determined by the articles of his agreement with his employer, and since PPSB was Plaintiffs' employer rather than Horizon, and PPSB assumed responsibility for payment of Plaintiffs' under its contract with Horizon, if any wages were improperly withheld it was PPSB that did so. As stated previously, Horizon claims that Plaintiffs were independent contractors. Plaintiffs dispute this claim, arguing that Horizon directed and controlled Plaintiffs work while they were aboard the GULF HORIZON, not PPSB. Plaintiffs' summary judgment evidence supports their claim, demonstrating that Horizon controlled the actual activities of Plaintiffs aboard the GULF HORIZON. Horizon set their work schedules, provided their food and shelter, and directed their work activities. PPSB was nothing more than a manning company that Horizon worked through to obtain labor. Horizon is clearly the master and owner of the GULF HORIZON, the ship upon which Plaintiffs were employed.

Furthermore, the summary judgment evidence demonstrates that Horizon treated Plaintiffs as employees rather than independent contractors.

As previously mentioned, Plaintiffs' primary theory of liability in this cases rests on the argument that they are protected by the FLSA's minimum wage and overtime provisions. They do not claim that the wages that they were eventually paid by PPSB were late and that penalties are now owed for the delayed payment of wages received. Instead, they argue that they were not paid minimum wage and/or overtime due to them under the FLSA, and they seek penalty wages for the amounts owed under the FLSA that were not paid under the terms of their employment contracts. This claim implicates not only the contracts between PPSB and Plaintiffs, but Horizon's contract for labor with PPSB, which is of critical importance.

The contracts submitted with Horizon's Motion demonstrate that under the terms of Horizon's contract with PPSB, certain workers would not be paid minimum wage and/or overtime owed under the FLSA. For example, Horizon only had to pay PPSB approximately $24 per 12-hour day for Elaw and Tinggang's services. Horizon did not pay PPSB enough money for either of them to receive minimum wage. Plaintiffs essentially argue that Horizon is trying to sidestep its obligations under the wage penalty statutes and the FLSA through the use of a foreign manning company such as PPSB. This would clearly circumvent the intentions of Congress in both the wage penalty statutes and the FLSA. The Court finds that under the circumstances of the case, genuine issues of material fact remain with regard to Horizon's responsibility as the owner of the GULF HORIZON for payment of Plaintiffs' wages.

Next, Horizon argues that even if the Court were to find that it withheld payment, it did so for sufficient cause. Horizon argues that it was not arbitrary or unreasonable in relying on the

contract it had with PPSB, which called for payment by PPSB and overtime payment only for time worked in excess of 12 hours per day. To be "without sufficient cause," there must be more than mere wrongful withholding of wages. The Fifth Circuit defines "without sufficient cause" as "either conduct which is in some sense arbitrary or willful, or at least a failure not attributable to the impossibility of payment." *Fanos v. Maersk Line, Ltd.*, 363 F.3d 358, 362 (5th Cir. 2002) (quoting *Collie v. Ferguson*, 281 U.S. at 55, 50 S. Ct. at 191). Courts have found sufficient cause in the following cases: compliance with the terms of a collective bargaining agreement, *id.*; insolvency of the vessel owner and arrest of the vessel, *Bender Welding & Machine Co., Inc. v. M/V Sovereign Opal*, 415 F. Supp. 772 (S.D. Ala. 1976); a good faith mistake or clerical error, *White v. Waterman Steamship Corp.*, 365 F. Supp. 2d 817, 820 (S.D. Tex. 2005) and *Korinis v. Sealand Services, Inc.*, 490 F. Supp. 418 (S.D.N.Y. 1980); seaman's neglect of his duties, *Thomas v. SS Santa Mercedes*, 572 F.2d 1331 (9th Cir. 1978); seaman's failure to cash his own check through his own actions, *Cohen v. S/S Consumer*, 746 F. 2d 1069 (5th Cir. 1984); honest doubts about the seaman's claim or demand, *Alier v. Sea Land Service, Inc.*, 465 F. Supp. 1106 (D.P.R. 1979); a seaman's refusal to submit a written claim, *Larkins v. Hudson Waterways Corp.*, 640 F.2d 997 (9th Cir. 1981); and a seaman's emergency illness, *Rallatos v. Greek S. S. Matrozos*, 240 F. Supp. 342 (E.D. Va. 1964). The contracts at issue in this case do not fall into any of these categories. Horizon's conduct with respect to the wages ultimately paid to Plaintiffs is willful and intentional. It willingly contracted with PPSB to obtain cheap labor arguably outside the scope of United States wage protections, and it cannot now hide behind those contracts and claim ignorance. Furthermore, payment of minimum wage and/or overtime under the circumstances of this case was far from impossible. Horizon has actively engaged in the conduct that Plaintiffs claim is wrongful.

The summary judgment evidence demonstrates that the *Griffin* test does not preclude the application of the penalty wage provisions as a matter of law, and factual issues remain with respect to Horizon's relationship with Plaintiffs and whether sufficient cause existed for their actions. As such, summary judgment must be denied on this ground.

*C. Impact of Plaintiffs' Employment Contracts with PPSB*

Horizon's final argument concerns the impact of Plaintiffs' employment contracts with PPSB. Horizon argues that these contracts should be upheld as binding, and that as such they preclude Plaintiffs from collecting overtime until they work in excess of their normal 12 hour per day shift.[1] This argument is without merit. It is well-established that parties are not free to circumvent the requirements of the FLSA. *See Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("This Court's decisions interpreting the FLSA have frequently emphasized the non-waivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act."); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 263 (5th Cir. 1998); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1411 n.4 (5th Cir. 1990); *Wirtz v. Leonard*, 317 F.2d 768, 769 (5th Cir. 1963) ("It has been repeatedly held that parties themselves may not contract to work for less than the minimum wage rate."). Horizon provides no authority to demonstrate that the contracts between Plaintiffs and PPSB would trump the FLSA if Plaintiffs succeed in their argument that the FLSA provides them with minimum wage and/or overtime protection.[2] Horizon also fails to show that Plaintiffs would fall

---

[1] Horizon makes no argument as to the effect of the contracts on the FLSA's minimum wage requirements.

[2] Horizon has not challenged the applicability of the FLSA to Plaintiffs in its Motion for Summary Judgment, and this issue has not been presented to the Court for summary judgment

within one of the FLSA's exemptions. Therefore, Horizon has failed to establish that the labor agreements between PPSB and Plaintiffs should be upheld as a matter of law and thus controlling on the issues presented in this case. As such, summary judgment must be denied on this ground.

### IV. Plaintiffs' Motion for Leave to File a Sur-Reply

Since Horizon has failed to show that it is entitled to summary judgment as a matter of law on any of the issues raised in its Motion, its Motion is **DENIED** and there is no cause for Plaintiffs to file a Sur-Reply, and their Motion is **DENIED AS MOOT**.

### V. Conclusions

The Court finds that this case involves factual nuances best left to the trier of fact. Horizon has failed to establish that it is entitled to judgment as a matter of law on any of the issues that it raised in its Motion for Summary Judgment. Disputed issues of fact remain as to the destination of the GULF HORIZON's voyage, Horizon's role in the withholding of the wages Plaintiffs claim they are entitled to, and whether Horizon had sufficient cause to withhold those wages if it was in fact responsible for them. Horizon has also failed to establish that the labor agreements between Plaintiffs and PPSB absolve it of liability as a matter of law. For these reasons, Horizon's Motion for Summary Judgment is respectfully **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of December, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge

---

adjudication.